**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 9, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHRISTOPHER J. REDMOND, Trustee
of the Bankruptcy Estate of Ashraf Fouad
Hassan and Irina Hassan,

     Plaintiff - Appellee,

and

KANSAS EXPRESS INTERNATIONAL,
INC.,

     Plaintiff,

v.

ASHRAF FOUAD HASSAN,

     Defendant - Appellant,

and

BILAL SAID, a/k/a Bill Said;
INTERNATIONAL FOOTBALL CLUB,
INC., c/o John E. Erwin, Registered Agent;
OVERLAND PARK SPORTS
COMPLEX, LLC, c/o Bilal Said,
Registered Agent; TERRA SPORTS
GROUP, LLC, c/o PW&S Agent Services
of Kansas, Inc.; TERRA VENTURE, INC.,
f/k/a Terra Venture Holding Company;
TERRA VENTURE INVESTMENTS,
LLC; ANALYTICAL MANAGEMENT
LABORATORIES, INC.; MARK
MURPHY; MURPHY LAW FIRM;
DIANE MOSER; AL MOSER; KANSAS
CITY LIMOUSINE, INC., and BUDGET
LIMOUSINE; FINAL TOUCH, INC.,

     Defendants.

No. 14-3236
(D.C. No. 2:12-CV-02645-OS)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se, Ashraf Fouad Hassan appeals the district court's judgment in an adversary proceeding arising from his Chapter 7 Bankruptcy. Because Hassan's brief cites neither legal authority nor the record on appeal, and because he has failed to add a critical transcript to the record, we conclude he has forfeited appellate review. Accordingly, we affirm.

Appellee Christopher J. Redmond, the Trustee of Hassan's bankruptcy estate, initiated an adversary proceeding against Hassan based on the post-petition sale of Hassan's limousine business. After a two-day bench trial, the district court concluded the sale constituted an unauthorized transfer of property belonging to the bankruptcy estate. As a result, the district court revoked Hassan's bankruptcy discharge and entered judgment against him in the amount of $944,400.16. Hassan appealed.

Because Hassan proceeds pro se, we liberally construe his brief and apply a more forgiving standard than the one we apply to attorney-drafted filings. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Still, pro se parties must

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

follow the same procedural rules that govern other litigants. So while we will make some allowances for Hassan's pro se status, we will not act as his advocate by formulating arguments or scouring the record. *Id.*

Hassan raises multiple arguments in his opening brief. But he doesn't cite any legal authority or the portions of the record that might support those arguments. *See* Fed. R. App. P. 28(a)(8)(A) (requiring appellant's brief to include "citations to the authorities and parts of the record on which the appellant relies"). And although Hassan suggests that some of the district court's findings and conclusions lack support in the record, he fails to provide us with the trial transcript. *See* Fed. R. App. P. 10(b)(2) (requiring appellant to include relevant transcripts if asserting district court's findings are unsupported by, or contrary to, evidence). Thus, we decline to address Hassan's arguments. *See United States v. Brody*, 705 F.3d 1277, 1281 (10th Cir. 2013) (explaining that failure to file necessary transcripts precludes substantive appellate review); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (noting we routinely refuse to consider arguments that fail to meet the requirements of Federal Rule of Appellate Procedure 28).

Because we conclude Hassan has forfeited appellate review by failing to comply with the applicable procedural rules, we affirm the judgment of the district court.

Entered for the Court,


Nancy L. Moritz
Circuit Judge

3